United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROBINSON CUTZ TORRES,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX, *et al.*,<br>Respondents. | Case No. 1:26-cv-03633 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Juan Robinson Cutz Torres is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court GRANTS the petition for writ of habeas corpus and orders Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

## I. BACKGROUND

Petitioner entered the United States at an unknown date and time without being apprehended by immigration authorities. Dkt. No. 9-2 at 2. Following his entry, it appears based on the record before the Court, that Petitioner did not seek further immigration relief, and that his first interaction with immigration authorities occurred during his recent arrest by U.S. Immigration and Customs Enforcement ("ICE") on March 28, 2026. *Id*. Following his arrest, Petitioner was served with a Notice to Appear charging him as inadmissible pursuant to INA § 212(a)(d)(A)(i), and then transferred to the Golden State Annex where he remains detained. Dkt. No. 9-1 at 3.

On May 6, 2026, Petitioner and ICE filed a "Joint Motion for Voluntary Departure." *See* Dkt. No. 9-4 at 1. The motion is signed by Petitioner and includes an attached Declaration, also signed by Petitioner, explaining that he understood "the contents of the Notice to Appear," and

"knowingly, voluntarily, and intelligently withdr[ew] and waiv[ed] any and all applications for relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act … and waive[d] any and all rights to appeal, reopen, reconsider, or otherwise challenge the Immigration Judge's order pertaining to this joint motion for voluntary departure." *Id*. at 3. The declaration further notes that Petitioner was "provided an oral interpretation/written translation of this Declaration in [Petitioner's] preferred language of Spanish." *Id*. at 4.

An Immigration Judge ("IJ") granted the Joint Motion for Voluntary Departure under section 240B(a) of the Immigration and Nationality Act ("INA") and ordered pre-conclusion voluntary departure. Dkt. No. 9-5 at 3. The order notes that Petitioner was required to depart by June 11, 2026, that failure to depart by that deadline would result in an order of removal to Guatemala pursuant to 8 C.F.R. § 1240.26(d), and that he waived appeal of the order. *Id*.

Following the grant of voluntary departure, Petitioner filed the instant petition for writ of habeas corpus arguing that his present detention has become unconstitutionally prolonged in violation of due process. Dkt. No. 1 ¶¶ 27–39. Respondents oppose habeas relief on the grounds that upon Petitioner's failure to voluntarily depart on June 11, 2026, he became subject to a final order of removal, and may be detained for at least 90-days to effectuate that removal pursuant to 8 U.S.C. § 1231(a)(2). Dkt. No. 21 at 3–4. If accurate, that 90-days will expire on September 9, 2026. In reply, Petitioner asserts that he submitted an appeal of the removal order to the Board of Immigration Appeals—despite purportedly waiving his ability to file such an appeal—as he "did not fully understand the nature and consequences of the document" he signed requesting voluntary departure and waiving his appellate rights. Dkt. No. 22-1 ¶ 4. The docket for Petitioner's immigration case reflects that an appeal was accepted by the Board of Immigration Appeals on July 14, 2026, but that a briefing schedule has not been set yet. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited August 27, 2026).

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

(citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Section 1226(a) applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1231, on the other hand, applies once a noncitizen is "ordered removed." 8 U.S.C. § 1231(a). Section 1226 thus "governs the detention of aliens until § 1231's 'removal period' begins. … [T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–34 (2021). This distinction here matters because § 1226(a) allows Petitioner to seek a custody redetermination hearing, and possible release, during the pendency of his removal proceedings, whereas § 1231(a)(2) requires that he be detained during the removal period.

Respondents contend that the grant of voluntary departure automatically terminated and became a final order of removal when Petitioner failed to depart. Dkt. No. 20 at 3. The Court disagrees. On this record, Petitioner's order of removal has not become administratively final and, therefore, § 1226(a), rather than § 1231(a)(2) governs his present detention.

There are two types of voluntary departure: (1) pre-conclusion which is granted prior to the completion of removal proceedings; and (2) post-conclusion which is granted at the conclusion of removal proceedings. *Compare* 8 U.S.C. § 1229c(a)(1) *with* § 1229c(b)(1); *compare* 8 C.F.R. § 1240.26(b)(1)(i)(A)–(E) *with* § 1240.26(c)(1)(i)–(iv). Under either provision, the IJ must enter an alternate order of removal which generally goes into effect when the noncitizen refuses to abide by

the terms of voluntary departure or fails to depart by the deadline. *See Dada v. Mukasey*, 554 U.S. 1, 21 (2008); 8 C.F.R. § 1240.26(d) ("Upon granting a request made for voluntary departure either prior to the completion of proceedings or at the conclusion of proceedings, the immigration judge shall also enter an alternate order o[f] removal."). Pre-conclusion voluntary departure is at issue here. *See* Dkt. No. 21 at 4 ("Petitioner in this case agreed to each of the key elements of pre-conclusion voluntary departure").

To accept pre-conclusion voluntary departure, Petitioner must knowingly waive his right to an appeal. *See Pocon v. Holder*, 539 F.App'x 721, 721 (9th Cir. 2013) ("The BIA also permissibly concluded that [p]etitioners had knowingly and intelligently … waived their rights to appeal, and did so in exchange for the grant of pre-conclusion voluntary departure."); 8 C.F.R. § 1240.26(b)(1)(i)(D). Respondents appear to suggest that because Petitioner waived his right to appeal, and failed to depart by the required deadline, he is now subject to a final order of removal. Dkt. No. 21 at 4. Petitioner, however, asserts that he did not waive this right knowingly and voluntarily and, therefore, has the right to challenge the waiver on appeal. *See* Dkt. No. 22 at 1–2.

The law concerning the finality of an alternative order of removal entered post a grant of pre-conclusion voluntary departure does not appear to be settled. However, the Court finds persuasive the reasoning in *Fuga v. Warden, California City Det. Facility*. There, the Court found that the BIA and Ninth Circuit retain jurisdiction to review whether a waiver of the right to appeal was given knowingly and intelligently. *Fuga v. Warden, California City Det. Facility*, No. 2:26-CV-00654-JLT-SAB (HC), 2026 WL 1396685, at *3–4 (E.D. Cal. May 19, 2026); *see Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005) (finding that the BIA's conclusion that it lacked jurisdiction was in error because the BIA failed to assess whether petitioner's waiver of the right to appeal was truly "considered and intelligent," and not a "deprivation of the ... right to a meaningful opportunity for judicial review"); *In re Rodriguez-Diaz*, 22 I. & N. Dec. 1320, 1322–23 (BIA 2000) (finding that the petitioner did not knowingly and intelligently waive his right to an appeal and concluding that the appeal was properly before the BIA). Accordingly, even if a Petitioner purportedly waived his right to appeal, his "removal order is not administratively final

until the BIA determines that his waiver was valid." *Fuga*, 2026 WL 1396685, at *3 (citing *Biwot*, 403 F.3d at 1098); *accord Rodriguez-Sanchez v. Warden of the Golden State Annex*, No. 1:26-CV-03319-DAD-CSK (HC), 2026 WL 2171735, at *1 (E.D. Cal. July 27, 2026); *Kalayci v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-642-BJC-BJW, 2026 WL 2076367, at *3 (S.D. Cal. July 17, 2026); *Lagua Rivera v. Blanche*, No. 26-CV-04420 (NRM), 2026 WL 2410229, at *2 (E.D.N.Y. Aug. 18, 2026) (collecting cases).

The Court further rejects Respondents' argument that it lacks jurisdiction to consider Petitioner's challenge to his present *detention* pursuant to 8 U.S.C. §§1252(a) and (g). Dkt. No. 21 at 4. "While broad, the language of these sections was 'not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders,' and the Court finds they do not bar review here." *Ortega v. Kaiser et al.*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6, 2025) (quoting *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011)). The petition does not challenge his final order of removal, or seek to enjoin Respondents from removing him; he asks this to Court to evaluate whether his continued detention without a bond hearing is lawful as his removal proceedings proceed. This form of relief is not barred by §§ 1252(a) and (g). However, the Court agrees that it lacks jurisdiction to consider whether Petitioner's agreement to voluntary departure and waiver of his right to appeal was valid—that question is for the BIA to decide in the pending appeal. *See Ortega v. Warden*, No. 1:25-CV-01856-DAD-CSK, 2026 WL 836323, at *2 (E.D. Cal. Mar. 26, 2026) (holding that the court lacked jurisdiction to consider Petitioner's claim regarding the validity of his agreement to voluntary departure).

"All this leads the Court to conclude that Petitioner's alternate order of removal is not, as yet, 'administratively final,' and he is not subject to mandatory detention as the removal period has not yet begun." *Fuga*, 2026 WL 1396685, at *4. The controlling detention authority here, therefore, "continues to fall under 8 U.S.C. § 1226(a) as a noncitizen who unlawfully entered the United States at an unknown time, was unencountered upon entry, was living in the interior of the country, and was only recently placed in removal proceedings." *Id.*

United States District Court
Northern District of California

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is GRANTED in part. Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen days. Petitioner shall be allowed to have counsel present. The hearing may be continued to a later date upon Petitioner's request. As this order resolves the petition, the Court lifts its no transfer order at Dkt. No. 8. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 28, 2026

EDWARD J. DAVILA
United States District Judge